UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC SCOTT MYERS,

      Petitioner,

v.                                 Case No.  3:17cv807/LC/CJK

JULIE L. JONES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's filing a motion under Local Rule 5.7(B), seeking leave to file a habeas corpus petition that exceeds the 25-page limit.  (Doc. 1 (*citing* N.D. Fla. Loc. R. 5.7(B))).  Petitioner has not filed an actual habeas petition, and his motion to exceed the page limit does not contain allegations sufficient to support a claim for relief under § 2254.

"Federal courts do not lightly grant relief in non-existent cases.  Still less do they offer advisory opinions about what they might do if an action were filed." *United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016) (holding that prisoner could not ask the district court to grant an extension of time to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, before a § 2255 motion was actually filed; the prisoner was seeking an advisory opinion concerning

whether he could obtain an extension for a collateral proceeding not yet in existence); *see also Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that a federal court may grant an extension of time to file a § 2255 motion only if the moving party requests the extension "*upon or after filing* an actual section 2255 motion") (emphasis added); *Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) ("Here, because Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard. Thus, the district court properly concluded that it lacked jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief.").

As this court lacks jurisdiction to rule on any procedural or substantive matters before an actual habeas petition is filed, this action should be dismissed. This recommendation is consistent with the court's dismissal of a prior action petitioner filed seeking preliminary rulings on procedural matters concerning his anticipated § 2254 petition. *See Myers v. Hodges*, Case No. 3:17cv13/RV/CJK (N.D. Fla. Mar. 13, 2017).

Accordingly, it is respectfully RECOMMENDED

1.  That this case be DISMISSED for lack of jurisdiction.

2.  That the clerk be directed to close the file and to send petitioner the form for use in § 2254 cases.

At Pensacola, Florida this 16th day of November, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.